FILED

2007 Jan-25  AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **CHARLES SMALLWOOD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | Civil Action Number |
| **LIBERTY MUTUAL** | ) | **7:06-cv-04936-UWC** |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION ON MOTION TO REMAND**

The present action involves a claim against Defendant Liberty Mutual Insurance

Company ("Liberty Mutual") for workers' compensation benefits under Alabama state

law.  Presently before the Court is a motion by the Plaintiff seeking to remand the action

to the Circuit Court of Tuscaloosa County, Alabama.  (Doc. 4.)  Defendant has not

submitted an Opposition to the Motion to Remand.

According to the complaint, Plaintiff seeks to obtain payment of benefits from

Defendant in accordance with the Final Judgment Approving the Joint Petition for

Approval of Settlement Agreement ("Settlement Agreement") which was entered upon

settlement of Plaintiff's worker's compensation case.  (Compl. ¶ 13.)  Plaintiff's

complaint alleges outrage, breach of contract, and bad faith due to Defendant's failure to

pay for medical expenses pursuant to the Settlement Agreement.  (Compl. ¶ 10, 14, 17.)

Because a court will first have to determine if Defendant had a reasonable basis for denying payment, each of Plaintiff's causes of action center around the Settlement Agreement from the worker's compensation case.  According to the applicable removal statute, "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c).  Therefore, this Court does not have jurisdiction over the present action.

Accordingly, the Court will grant the motion to remand.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966);  *In re Decorator Industries, Inc.*, 980 F.2d 1371, 1373 (11th Cir. 1992)(citing 28 U.S.C. §1447(c) (acknowledging that a "district court may remand a case back to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'")

Done this 25th day of January, 2007.

_____
U.W. Clemon
United States District Judge